UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-------------------------------------------------

In re:  BRIAN GENE WEISS,                          BKY. No.:  10-40804
ALISA MAE HACKL-WEISS,                    Chapter 7

Debtors.

**NOTICE OF HEARING AND
MOTION FOR RELIEF
FROM AUTOMATIC STAY**

---------------------------------------------

TO:   BRIAN GENE WEISS, ALISA MAE HACKL-WEISS AND WILLIAM
SPOONER, ATTORNEY AT LAW.

1.   U.S. Bank National Association, as Trustee for Structured Asset Securities

Corporation Trust 2005-WF2, by its undersigned attorneys, Reiter & Schiller, will make a

motion for the relief requested below and gives this notice of hearing.

2.   The court will hold a hearing on this motion on March 18, 2010 at 2:30 P.M.

in Courtroom 7 West, at the United States Courthouse, at 300 South Fourth Street, in

Minneapolis, Minnesota, or as soon as counsel may be heard before The Honorable

Nancy C. Dreher, Chief Judge of the United States Bankruptcy Court.

3.   Any response to this motion must be filed and served by delivery or by mail

not later than March 12, 2010, which is five days before the time set for the hearing

(including Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING

THE MOTION IS TIMELY FILED THE COURT MAY GRANT THE MOTION

WITHOUT A HEARING.

### MOTION TO LIFT AUTOMATIC STAY

4.   This court has jurisdiction over this motion pursuant to 28 U.S.C. §§157

and 1334, Feb. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core

proceeding.  The petition commencing this Chapter 7 case was filed on February 4, 2010.

The case is now pending in this court.

5.      This proceeding arises under 11 U.S.C. §362(d), and Fed. R. Bankr. P.

4001.  This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through

9013-3.  The movant requests relief from the automatic stay of 11 U.S.C. §362 with

respect to real property as described in Exhibit A to this motion that is subject to a

perfected security interest in favor of the movant as shown by the terms of the mortgage,

note and assignments of mortgage, copies of which are attached hereto as Exhibits A, B

& C, respectively.

6.  That pursuant to the provisions of 11 U.S.C. §362(d), the movant alleges that it

is entitled to relief from the automatic stay inasmuch as:

a)      That as of the date of this motion the total amount of the mortgage default

is $13,599.58, plus bankruptcy attorney costs and fees totaling $800.00. A detailed

breakdown of said figure can be found on the attached Local Form 4001-1.

b)      That as of the date of filing herein, the amount due under said mortgage

loan was approximately $198,000.00.  According to the county tax records the current tax

assessed value of the property is estimated at $167,700.00. According to the debtors the

fair market value of the property is estimated at $167,700.00.  Based upon the

information available to the movant it estimates the fair market value of the property to

be $167,711.00.  Based upon the failure of the debtors to make mortgage payments and

the lack of equity in the property the movant's interest in the property is not adequately

protected.

7.  By reason of the foregoing, good cause exists to lift the automatic stay

imposed by 11 U.S.C. §362(a) to allow the movant to pursue its remedies under state law.

WHEREFORE, U.S. Bank National Association, as Trustee for Structured Asset

Securities Corporation Trust 2005-WF2, by its undersigned attorneys, moves the court

for an order pursuant to 11 U.S.C. §362(d), granting relief from the automatic stay with

respect to the real property securing the movant's claim so that the movant may pursue its

rights under its mortgage and applicable state law or, in the alternative, for such other

relief as may be just and equitable.

REITER & SCHILLER, P.A.

Dated: February 23, 2010       By:    /e/Brian F. Kidwell
                        Brian F. Kidwell
                        Attorney for Movant
                        The Academy Professional Building
                        25 North Dale Street
                        St. Paul, MN  55102-2227
                        (651) 209-9760
                        Attorney Reg. 146493
                        (Z0453)

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

## VERIFICATION

I, _Teressa J. Williams_____, _____Assistant Secretary____, with Wells Fargo Bank, N.A.,

declare under penalty of perjury that the foregoing is true and correct according to the best

of my knowledge, information and belief.  This Verification is made in support of Movant's

Motion for Relief from Automatic Stay filed herein.


Dated:_____ 2 | 23 _____, 20 _1 0_               WELLS FARGO BANK, N.A.

                                                  By:_____
                                                       Teressa J. Williams

                                                  Its: ___Assistant Secretary___


Subscribed to and sworn before me this

_23_ day of _Feb._____, 20_10_

_____
Notary Public

Weiss Relief Motion – Z0453

OFFICIAL SEAL
Notary Public
State of South Carolina
PENNY S. McCRAVEN
My Commission Expires Dec. 14, 2014

1140448

05 JAN 18 PM 12: 14

COUNTY RECORDER
STEARNS COUNTY, MN
DIANE GRUNDHOEFER

BY _____ _AW_ DEPUTY

MORTGAGE REGISTRATION TAX 391/23

*Randy R Schaefer*

STEARNS COUNTY AUDITOR

*Brenda Stanger*

DEPUTY AUDITOR

---

[Space Above This Line For Recording Data]

Prepared by:

Name: F Macdonald

Addr: _____ To:

## MORTGAGE

PREMIUM CAPITAL FUNDING LLC
125 JERICHO TURNPIKE, SUITE 500
JERICHO, NEW YORK 11753
Loan Number:

After Recording, Return to:
Montgomery Home Title, Inc.
1300 Piccard Drive, Ste. L105
Rockville, Maryland 20850
(301) 795-2000   (301) 795-6684

20318 mn/mp

MIN: 1002803-0000000648-9

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11,
13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated   JANUARY 4,  2005           , together
with all Riders to this document.
(B)  "Borrower" is  ALISA M. HACKL N/K/A ALISA M. HACKL-WEISS AND BRIAN
G. WEISS, HUSBAND AND WIFE

Borrower is the mortgagor under this Security Instrument.
(C)  "MERS" is  Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this Security
Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number
of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D)  "Lender" is  PREMIUM CAPITAL FUNDING LLC

Lender is a  NEW YORK LIMITED LIABILITY COMPANY                                            organized
and existing under the laws of  NEW YORK
Lender's address is  125 JERICHO TURNPIKE, SUITE 500, JERICHO, NEW YORK
11753

Borrower Initials:  _____ _AMHW_ _____   _____   _____   _____

MINNESOTA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3024 01/01
Page 1 of 14

DocMagic *DocMagic* 800 649 1362
www.docmagic.com

| 30 | TREXXX | |
| 1/18/2005 | 10:22:17 | |
| 850001423 | MR STATE x | |

P A I D

391.23

(Ⓐ)

SCR __1__ of __20__

# EXHIBIT "A"

LOTS ELEVEN (11) AND TWELVE (12) BLOCK ONE (1) OF DEERWOOD, STEARNS COUNTY, MINNESOTA ✓

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
ALISA M. HACKL N/K/A       -Borrower
ALISA M. HACKL-WEISS

_____ (Seal)
BRIAN G. WEISS            -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

Witness:

_____

Witness:

_____

MIN: 1002803-0000000648-9

Loan Number:

# ADJUSTABLE RATE NOTE
### (LIBOR Six-Month Index (As Posted By Fannie Mae) - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST
RATE AND MY MONTHLY PAYMENT.  THIS NOTE LIMITS THE AMOUNT MY
INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I
MUST PAY.

JANUARY 4, 2005                     ROCKVILLE                     MARYLAND
　　[Date]                            [City]                        [State]

30268 HWY 23, PAYNESVILLE, MINNESOTA 56362
[Property Address]

### 1.  BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 170,100.00　　　　(this amount is
called "Principal"), plus interest, to the order of Lender. Lender is PREMIUM CAPITAL FUNDING
LLC, A NEW YORK LIMITED LIABILITY COMPANY
I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of　　7.450 %.  The interest rate I will pay may change in accordance with Section 4 of this
Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after
any default described in Section 7(B) of this Note.

### 3.  PAYMENTS
(A)  Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the  1st   day of each month beginning on  MARCH 1
2005    . I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on FEBRUARY 1, 2035        , I still owe
amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at  P.O. BOX 9103, UNIONDALE, NEW YORK
11555-9103

or at a different place if required by the Note Holder.
(B)  Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $ 1,183.55            . This amount
may change.
(C)  Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate
that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly
payment in accordance with Section 4 of this Note.

Borrower Initials: _____  _____  _____  _____

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT                          Page 1 of 5

Form 3518 1/01
DocMagic ᶜⁿ⁻ⁿⁿⁿ 800.649.1362
www.docmagic.com



### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the 1st day of FEBRUARY, 2007 , and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market based on quotations of major banks, as posted by Fannie Mae through electronic transmission or by telephone or both through electronic transmission and by telephone. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, or is no longer posted either through electronic transmission or by telephone, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN AND 200/1000 percentage points ( 7.200 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.450 % or less than 7.450 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 000/1000 percentage point(s) ( 1.000 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 13.450 %. My interest rate will never be less than 7.450 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the telephone number of a person who will answer any question I may have regarding the notice.

### 5. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

Borrower Initials: _____  _____  _____  _____

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT                Page 2 of 5

Form 3518 1/01
DocMagic *Forms* 800-649-1362
www.docmagic.com

### 6.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7.  BORROWER'S FAILURE TO PAY AS REQUIRED

**(A)  Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be 5.000 % of my overdue payment of principal and interest.  I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

### 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.

### 10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.  "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Borrower Initials: _____

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT                                 Page 3 of 5

Form 3518 1/01
DocMagic eFarms 800-649-1362
www.docmagic.com

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower Initials: _____   _____   _____   _____

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT                  Page 4 of 5

Form 3518 1/01
DocMagic *eFarms* 800-649-1362
www.docmagic.com

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
BRIAN G. WEISS            -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

*[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT          Page 5 of 5

Form 3518 1/01
DocMagic *eFermis* 800-649-1362
www.docmagic.com

# PREPAYMENT ADDENDUM TO NOTE

Loan Number:

Date: JANUARY 4, 2005

Borrower(s): BRIAN G. WEISS

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this    4th    day of
JANUARY,    2005           , and is incorporated into and shall be deemed to amend and supplement
that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of PREMIUM
CAPITAL FUNDING LLC

("Lender") and dated the same date as this Addendum.  Repayment of the Note is secured by a Mortgage, Deed of
Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date
as this Addendum.  To the extent that the provisions of this Addendum are inconsistent with the provisions of the
Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the Note, Borrower
and Lender further covenant and agree as follows:

Section  5  of the Note is amended to read in its entirety as follows:

    5    . **BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**
I have the right to make payments of Principal at any time before they are due.  A payment
of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note
Holder in writing that I am doing so.  I may not designate a payment as a Prepayment if I have not
made all the monthly payments due under the Note.
The Note Holder will use my Prepayments to reduce the amount of Principal that I owe
under the Note.  However, the Note Holder may apply my Prepayment to the accrued and unpaid
interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount
of the Note.  If I make a partial Prepayment, there will be no changes in the due dates of my
monthly payment unless the Note Holder agrees in writing to those changes.
If the Note provides for changes in the interest rate, my partial Prepayment may reduce the
amount of my monthly payments after the first Change Date following my partial Prepayment.
However, any reduction due to my partial Prepayment may be offset by an interest rate increase.
If within TWENTY-FOUR ( 24    ) months after the date the Note is executed I make
a full Prepayment (other than a full Prepayment in connection with the sale of the Property), I will
pay a Prepayment charge equal to the lesser of (i)  TWO                                percent
(    2.000  %) of the unpaid Principal balance at the time of Prepayment, or (ii) 60 days'
interest on the unpaid Principal balance at the time of Prepayment.

MINNESOTA PREPAYMENT ADDENDUM TO NOTE
6/03                              Page 1 of 2                    DocMagic eＦsrms  800-649-1362
                                                                www.docmagic.com

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

Borrower BRIAN G. WEISS _____ 1-4-05 _____
Date

Borrower _____ Date

Borrower _____ Date

Borrower _____ Date

Borrower _____ Date

Borrower _____ Date

MINNESOTA PREPAYMENT ADDENDUM TO NOTE
6/03                                    Page 2 of 2

DocMagic *eForms* 800-649-1362
www.docmagic.com

Loan Number:

## ALLONGE TO PROMISSORY NOTE

Without recourse pay to the order of:   WELLS FARGO BANK, N.A.

By: _____

Name: JOSEPH MANSI

Title: DIRECTOR OF OPERATIONS

Company: PREMIUM CAPITAL FUNDING LLC
125 JERICHO TURNPIKE, SUITE 500
JERICHO, NEW YORK 11753

Borrower Name: BRIAN G. WEISS

Property Address: 30268 HWY 23, PAYNESVILLE, MINNESOTA 56362

Loan Amount: $ 170,100.00

Closing Date: JANUARY 4, 2005

OFFICE OF COUNTY RECORDER
STEARNS COUNTY, MINNESOTA

Document # **1305149**

Certified, Filed, and/or Recorded on

12-14-2009   at   10:34 AM

DIANE GRUNDHOEFER
STEARNS COUNTY RECORDER



## ASSIGNMENT OF MORTGAGE

FOR VALUABLE CONSIDERATION, Mortgage Electronic Registration Systems, Inc.,

a Delaware corporation, as nominee for Premium Capital Funding LLC, a New York

limited liability company, Assignor, hereby sells, assigns and transfers to U.S. Bank

National Association, as Trustee for Structured Asset Securities Corporation Trust 2005-

WF2, Assignee, the Assignor's interest in the Mortgage dated January 4, 2005, executed

by Alisa M. Hackl n/k/a Alisa M Hackl-Weiss and Brian G. Weiss, husband and wife, as

mortgagor(s) to Mortgage Electronic Registration Systems, Inc., a Delaware corporation,

as nominee for Premium Capital Funding LLC, a New York limited liability company,

mortgagee, and filed for record in the Office of the County Recorder, in and for the

County of Stearns, Minnesota, on January 18, 2005, as Document No. 1140448; together

with all rights and interests in the note and obligations therein specified and the debt

thereby secured. Assignor covenants with Assignee, its successors and assigns, that

Assignor has good right to sell, assign and transfer the same.

Assignee Address: 3476 Stateview Blvd, Fort Mill, SC 29715

SCR __/__ of __2__

e✓ Reiter - Schiller



IN TESTIMONY WHEREOF, the said corporation has caused these presents to be

executed by *China Brown* its Assistant Secretary, this

*17* day of *November, 2009*.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

BY: *China Brown*

ITS: *Assistant Secretary*

STATE OF SOUTH CAROLINA )
                         ) ss.
COUNTY OF YORK           )

The foregoing instrument was acknowledged before me this *17* day of

*November, 2009*.   by *China Brown*, the

Assistant Secretary of Mortgage Electronic Registration Systems, Inc., on behalf of the

corporation.

Notary Public

THIS INSTRUMENT WAS DRAFTED BY:

REITER & SCHILLER, P.A.
Attorneys at Law
The Academy Professional Building
25 North Dale Street
St. Paul, MN 55102-2227
Attorney Reg. No. 152262
(651) 209-9760

*V74109 AT*

AMANDA ELIZABETH HOSENFELD
Notary Public, South Carolina
My Commission Expires
April 27, 2017

SCR *2* of *2*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-------------------------------------------------

In re:   BRIAN GENE WEISS,          BKY. No.:   10-40804
         ALISA MAE HACKL-WEISS,     Chapter 7

                    Debtors.

**AFFIDAVIT OF WELLS FARGO
BANK'S ASSISTANT SECRETARY**

---------------------------------------------

STATE OF SOUTH CAROLINA)

COUNTY OF YORK)

Teressa J. Williams, being duly sworn on oath states:

1.       I am an Assistant Secretary with Wells Fargo Bank, N.A. which services loans for movant, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2005-WF2.  In my capacity as an Assistant Secretary, I have had the opportunity to review the mortgage account of the debtors.

2.       As of the date of this motion the total amount of the mortgage default is $13,599.58, plus bankruptcy attorney costs and fees totaling $800.00. A detailed breakdown of these totals can be found on the attached Local Form 4001-1.

3.       As of the date of this motion the amount due under the mortgage loan was approximately $198,000.00.  According to the county tax records the current tax assessed value of the property is estimated at $167,700.00. According to the debtors the fair market value of the property is estimated at $167,700.00.  Based upon the information available to the movant it estimates the fair market value of the property to be $167,711.00.  Based upon the failure of the debtors to make mortgage payments and the lack of equity in the property the movant's interest in the property is not adequately protected.

Further your affiant sayeth naught except that this affidavit is made in support of the movant's motion seeking relief from the automatic stay.

This affidavit is made in support of Movant's Motion for Relief from Automatic Stay filed herein.

WELLS FARGO BANK, N.A.

Dated: _2/23/10_                     By:  _____

Teressa J. Williams
Its: _____Assistant Secretary_____

Subscribed to and sworn before me this

23 day of Feb , 20 10 .

_____
Notary

Weiss Relief Motion – Z0453

OFFICIAL SEAL
Notary Public
State of South Carolina
PENNY S. McCRAVEN
My Commission Expires Dec. 14, 2014

**Debtor(s): <u>Weiss</u>**

**Loan History.** Begin loan history from the date of the first default related to the current default amount that is claimed in the motion.

| | | CHARGES | | | | |
|---|---|---|---|---|---|---|
| Date | Amount Rec'd From Debtor(s) | Monthly Amount Due Principal/Interest | Monthly Amount Due Escrow | Amount Due Late Fees | Amount Due Other Charge* | Description of Other Charge |
| 6/30/08 | | | | | 15.00 | Inspection Fee |
| 8/28/08 | | | | | 95.00 | Broker's Price Opinion |
| 9/3/08 | | | | | 15.00 | Inspection Fee |
| 11/28/08 | | | | | 15.00 | Inspection Fee |
| 7/16/09 | | | | 67.33 | | |
| 8/1/09 | | 1,346.59 | 117.50 | | | |
| 8/17/09 | | | | 67.33 | | |
| 9/1/09 | | 1,346.59 | 80.16 | | | |
| 9/16/09 | | | | 67.33 | | |
| 9/21/09 | | | | | 15.00 | Inspection Fee |
| 10/1/09 | | 1,346.59 | 114.83 | | | |
| 10/16/09 | | | | 67.33 | | |
| 10/20/09 | | | | | 15.00 | Inspection Fee |
| 11/1/09 | | 1,346.59 | 114.83 | | | |
| 11/16/09 | | | | 67.33 | | |
| 11/24/09 | | | | | 15.00 | Inspection Fee |
| 11/27/09 | | | | | 95.00 | Broker's Price Opinion |
| 12/1/09 | | 1,346.59 | 114.83 | | | |
| 12/16/09 | | | | 67.33 | | |
| 12/24/09 | | | | | 15.00 | Inspection Fee |
| 1/1/10 | | 1,346.59 | 114.83 | | | |
| 1/19/10 | | | | 67.33 | | |
| 1/27/10 | | | | | 15.00 | Inspection Fee |
| 2/1/10 | | 1,346.59 | 114.83 | | | |
| 2/11/10 | | | | | 650.00 | Atty. Foreclosure Fees |
| 2/11/10 | | | | | 1,903.00 | Atty. Foreclosure Costs |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/16/10 | | | | 67.33 | | |
| TOTALS | $ | 9,426.13 | 771.81 | 538.64 | 2,863.00 | |
| | (a) | (b) | (c) | (d) | (e) | |

*Any "Other Charge" must be described, itemized by amount and allowed under note and/or mortgage (e.g., inspection fee, appraisal fee, insurance, taxes, etc.).

**Note: Columns (b) + (c) + (d) + (e) – (a) must equal the current default amount that is claimed in the motion.**

Attorney fees and filing fee for the motion if allowed under.
   note and/or mortgage and sought by Movant to resolve motion    $800.00

Current Default Amount Claimed in Motion    $13,599.58

Escrow Balance (amounts held for payment of taxes, insurance etc.)    $149.50

Suspense Account Balance (amount of unapplied payments)    $0.00

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-------------------------------------------------

In re:  BRIAN GENE WEISS,                    BKY. No.:   10-40804
        ALISA MAE HACKL-WEISS,               Chapter 7

                        Debtors.


                                    **<u>MEMORANDUM IN SUPPORT</u>**
                                    **<u>OF MOTION FOR RELIEF</u>**
                                    **<u>FROM THE AUTOMATIC STAY</u>**

-----------------------------------------------

                        **MEMORANDUM OF LAW**

I.      <u>Factual Background</u>

        The debtors filed their petition on February 4, 2010 under Chapter 7 of the United

States Bankruptcy Code. When the petition was filed the debtors owned an interest in real

property located at 30268 Conita Circle, Paynesville, MN 56362 in Stearns County,

Minnesota that is subject to a security interest held by movant.  This real property is

legally described as follows:

        Lots Eleven (11) and Twelve (12) Block One (1) of Deerwood Stearns County,

        The amount due under the movant's mortgage as of the commencement of this

case was approximately $198,000.00.  According to the county tax records the current tax

assessed value of the property is estimated at $167,700.00.  According to the debtors the

fair market value of the property is estimated at $167,700.00.  Based upon the

information available the movant estimates the fair market value of the property to be

$167,711.00.  Based upon the failure of the debtors to make mortgage payments and the

lack of equity in the property the movant's interest in the property is not adequately

protected.  As of the date of this motion, the total amount of the mortgage default is

$13,599.58, plus bankruptcy attorney costs and fees totaling $800.00. A detailed breakdown of these totals can be found on the attached Local Form 4001-1.

II.    <u>Argument</u>

As the Eighth Circuit Bankruptcy Appellate Panel stated in <u>In re Martens</u>, 331 B.R. 395 (8th Cir. B.A.P. 2005):

> The statutory grounds [under 11 U.S.C. §§362(d)(1) and (2)] for granting relief from the automatic stay are in the disjunctive. The bankruptcy court must, therefore, grant relief if the movant either proves cause, or proves that there is no equity in the property and that it is not necessary for a successful reorganization. Cause has been defined to mean "any reason whereby a creditor is receiving less than his bargain from a debtor and is without remedy because of the bankruptcy proceeding." A creditor is entitled to relief from the automatic stay if the debtor is not making mortgage payments, and if there is insufficient equity in the property to adequately protect the creditor.

<u>Id.</u> at 398 (citations omitted). "The test for determining equity under the first part of §362(d)(2) involves comparison between the total liens against the property and the property's current value. … All encumbrances are totaled to determine equity whether or not all lien-holders have requested relief from the stay." <u>In re Bowman</u>, 253 B.R. 233, 238 (8th Cir. B.A.P. 2000) (citations omitted). "Where there exists no equity in the property that is the subject of a motion for relief from stay, it is incumbent upon a debtor to make a showing that the property is necessary to an effective reorganization in order to successfully defend against the motion." <u>In re Embassy Enterprises of St. Cloud</u>, 125 B.R. 552, 554 (Bankr. D. Minn. 1991). It is axiomatic that any secured property as to which a debtor has filed a written statement of intention to surrender is not necessary to an effective reorganization. And because a Chapter 7 bankruptcy is a liquidating case

there is, by definition, no property of a Chapter 7 debtor that is necessary to an effective

reorganization. <u>Martens</u>, supra, at 398.

Because the debtors failed to make the payments due under the mortgage and

because there is not sufficient equity in the property to protect the movant's interest

"cause" exists within the meaning of §362(d)(1) to grant relief from the automatic stay.

Because the debtors do not have equity in the property and the property is not necessary

to an effective reorganization grounds exist for granting relief from the automatic stay

pursuant to §362(d)(2). Because the movant has established these facts 11 U.S.C. §362(d)

provides that the court "shall" grant relief from the stay.

## CONCLUSION

Based upon the evidence before the court and controlling law the

movant's motion for relief from the automatic stay should be granted.


REITER & SCHILLER, PA


Dated: February 23, 2010            By:  ___/e/Brian F. Kidwell_____
                                         Brian F. Kidwell
                                         Attorney for Movant
                                         The Academy Professional Building
                                         25 North Dale Street
                                         St. Paul, MN  55102-2227
                                         (651) 209-9760
                                         Attorney Reg. 146493
                                         (Z0453)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-------------------------------------------------

In re:  BRIAN GENE WEISS,                    BKY. No.:   10-40804
         ALISA MAE HACKL-WEISS,               Chapter 7

                          Debtors.


-------------------------------------------------

### UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Brian F. Kidwell, an attorney licensed to practice law in this Court, with an office address of The Academy Professional Building, 25 North Dale Street, St. Paul, MN 55102-2227 declare that on February 25, 2010, I caused the following documents:

**Notice of Hearing and Motion,**
**Memorandum,**
**Affidavit,**
**and Proposed Order**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

**Erik Ahlgren, Trustee**
**U.S. Trustee** ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
**William Spooner, Esq.** fs-law@clearwire.net

I further declare that I caused a copy of the foregoing documents to be mailed to the following non-ECF participants by enclosing in an envelope and mailed by First Class Mail with postage prepaid and depositing same in the post office at St. Paul, Minnesota:

**Brian Gene Weiss**
**Alisa Mae Hackl-Weiss**
**30268 Conita Circle**
**Paynesville, MN 56362**

And I declare, under penalty of perjury, that the foregoing is true and correct.

REITER & SCHILLER, PA

Dated: February 25, 2010                    By: ___/e/Brian F. Kidwell_____
                                                Brian F. Kidwell
                                                Attorney for Movant
                                                The Academy Professional Building
                                                25 North Dale Street
                                                St. Paul, MN  55102-2227
                                                (651) 209-9760
                                                Attorney Reg. 146493
                                                (Z0453)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-------------------------------------------------

In re:   BRIAN GENE WEISS,                    BKY. No.:   10-40804
            ALISA MAE HACKL-WEISS,              Chapter 7

                          Debtors.

                                              **<u>ORDER TERMINATING STAY</u>**

-------------------------------------------------

      This case came before the court on the motion of U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2005-WF2 seeking relief from the automatic stay.

      Based on the motion and the file,

      IT IS ORDERED:

      1.      The automatic stay imposed by 11 U.S.C. §362 is terminated as to the real property over which the movant, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2005-WF2, its successors or assigns, has an interest, legally described as:

      Lots Eleven (11) and Twelve (12) Block One (1) of Deerwood
      Stearns County, Minnesota

      2.      Notwithstanding Fed. R. Bankr. P. 4001 (a) (3), this order is effective immediately.

Dated:

                                      _____
                                        Nancy C. Dreher
                                        Chief Judge United States Bankruptcy Court